**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARLYNDA MCGHEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | NO. 12-2919 |
| HOSPITAL | : | |

**MEMORANDUM**

ROBRENO, J.                                             **MAY 31, 2012**

Plaintiff Darlynda McGhee brings this action pursuant to Title VII and the Pennsylvania Human Relations Act (PHRA) against her former employer, Thomas Jefferson University Hospital.  She seeks to proceed in forma pauperis.  For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint without prejudice to her filing an amended complaint.

**I.  FACTS**

Based on the boxes that plaintiff checked on her form complaint, she appears to be asserting claims that her former employer discriminated against her based on her race and gender, retaliated against her, and harassed her and/or failed to stop harassment against her.  Plaintiff attached to her complaint a document entitled "time line," which is a disjointed account of events that appears to be excerpted or paraphrased from email or letter exchanges between plaintiff and her superiors at work. Based on that document, it appears that plaintiff is complaining about (1) the fact that she did not receive a promotion that she

1

was promised and/or which she should have received[1] and (2) the fact that disciplinary actions were taken against her, apparently for failure to follow department policies and/or for unprofessional behavior.  Although the complaint reflects that plaintiff was terminated, the time line does not discuss her termination.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  Although a pro se complaint is to be liberally construed, at bottom, it must state a cause of

---

[1]Plaintiff indicates that she accepted an offer for a position of "Endoscopy Registrar" in early 2011, but suggests that the defendant did not allow her to take that position. However, she also indicates that she was promoted on June 9, 2011.

action to be allowed to proceed.

The Court may also dismiss a complaint that fails to satisfy Federal Rule of Civil Procedure 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  See Tillio v. H&R Block, Inc., 445 F. App'x 604, 604-05 (3d Cir. 2011) (per curiam).  A complaint fails to satisfy Rule 8 if it offers only "labels and conclusions" without "further factual enhancement." Iqbal, 556 U.S. at 677-78.

## III. DISCUSSION

The Court will dismiss plaintiff's complaint without prejudice to her filing an amended complaint because the factual basis for her claims is unclear and because the complaint fails to state a claim in its current state.  Plaintiff's complaint and attached time line do not describe the nature of her position with the defendant, the nature of the position that she claims she should have been promoted to, or her qualifications for that promotion.  Additionally, although plaintiff is claiming race and gender discrimination, she does not identify her race or gender[2] nor does she "allege any facts correlating the adverse actions against her with any discriminatory motive" as would be required to state a Title VII or PHRA claim.[3]  Waiters v. Aviles, 418 F.

_____

[2]The Court has been proceeding on the assumption that plaintiff is a woman.

[3]"PHRA and Title VII claims should be analyzed under the same legal standard . . . ."  Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 318 (3d Cir. 2008).

App'x 68, 71 (3d Cir. 2011) (per curiam); see also Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) ("[A prima facie case of discrimination] requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.").

Additionally, plaintiff's complaint and time line do not describe any factual basis for her retaliation claim.  See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 320 (3d Cir. 2008) ("To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action.").  At most, the time line indicates that the defendant retaliated against plaintiff based on various "inquiries" that she made in March and June of 2011.  However, the nature of those inquiries is not clear.  It is also not clear which acts plaintiff is alleging constitute retaliation.

## IV.   CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice.  Plaintiff will be given an opportunity to

file an amended complaint in the event that she can cure the above deficiencies.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  As the Court has concluded that there is currently no merit to plaintiff's claims, her motion for appointment of counsel is denied without prejudice to her renewing that motion at a later time.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARLYNDA MCGHEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | NO. 12-2919 |
| HOSPITAL | : | |

**O R D E R**

AND NOW, this      day of May, 2012, upon consideration of plaintiff's motion to proceed in forma pauperis and her pro se complaint, IT IS ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED.

2. Plaintiff's complaint is DISMISSED without prejudice for the reasons stated in the Court's Memorandum. Plaintiff is given leave to file an amended complaint within thirty (30) days of the date of this Order. Upon the filing of an amended complaint, the Clerk shall not make service until so ORDERED by the Court.

3. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

4. This case shall be marked CLOSED for statistical purposes.

BY THE COURT:


S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**